UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK MORTLAND, | ) CASE NO.: _____ |
| | ) |
| Plaintiff, | ) **CIVIL RIGHTS** |
| | ) |
| vs. | ) **COMPLAINT FOR INJUNCTIVE** |
| | ) **RELIEF AND DAMAGES:** |
| EASTWOOD DRIVE INC., | ) |
| d/b/a PARK INN BY RADISSON, | ) **1ST CAUSE OF ACTION:** For Denial of |
| | ) Access by a Public Accommodation in |
| Defendant. | ) Violation of the Americans with Disability |
| | ) Act of 1990 ("Title III" and "ADA"), |
| | ) 42 U.S.C. §§ 12181 *et seq*. |

Plaintiff DEREK MORTLAND Complains of Defendant EASTWOOD DRIVE INC., doing business as PARK INN BY RADISSON, and alleges as follows:

**INTRODUCTION:**

1.    This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff MORTLAND is a member of, for failure to remove architectural barriers structural in nature at Defendant's property, a place of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. MORTLAND seeks injunctive relief pursuant to the Americans with Disability Act of 1990 ("title III" AND "ADA"), *et sec.*

2.    MORTLAND is a person with physical disabilities who, on or about July 20, 2018 through July 22, 2018, was an invitee, guest, patron, or customer at Defendant's property, which houses a hotel, a PARK INN BY RADISON, located at 7195 Eastwood Drive, Beaver

Falls, PA 15010. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of federal legal requirements, and MORTLAND suffered violations of his civil rights to full and equal access and was physically injured, embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3. **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4. **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Beaver Falls, County of Beaver, State of Ohio and that MORTLAND's causes of action arose in this district.

**PARTIES:**

5. MORTLAND is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) MORTLAND is a "person with physical disabilities," as defined by all applicable United States laws. MORTLAND requires the use of a wheelchair to travel about in public. Consequently, MORTLAND is a member of that portion of the public whose rights are protected.

6. Defendant EASTWOOD DRIVE INC., doing business as PARK INN BY RADISSON, a Pennsylvania Corporation, (alternatively referred to as "Defendant") is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, franchisor and/or

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2

franchisee, of the building and/or buildings which constitute a public facility in and of itself, occupied by the PARK INN BY RADISSON, located at 7195 Eastwood Drive, Beaver Falls, PA 15010 (hereinafter "the business"), and subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7. The business is open to the general public and conducts business therein. The business operating on said premises is a public accommodation.

8. At all times relevant to this complaint, Defendant is the landlord/lessor, tenant/lessee and the owner and operator of the business. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

> **§ 36.201** **General**
>
> (b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.
>
> CFR §36.201(b)

9. MORTLAND does not know the true names of Defendant, their business capacities, their ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. MORTLAND is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or

such similar capacity, of each of the other Defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other Defendants, and is responsible in some manner for the acts and omissions of the other Defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. MORTLAND may seek leave to amend when the true names, capacities, connections, and responsibilities of Defendant are ascertained.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates the business. The business and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the business to handicapped access requirements.

11. MORTLAND is a person with a disability. MORTLAND is a "physically disabled person," as defined by all applicable United States laws. MORTLAND is paralyzed as a result of spina bifida and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the business as being handicapped accessible and handicapped usable.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4

13. On or about July 20, 2018 through July 22, 2018, MORTLAND was an invitee and guest at the business, arriving for purposes of obtaining lodging.

14. Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, MORTLAND personally encountered architectural barriers which denied him the full and equal access to the property.

15. Therefore, at said time and place, MORTLAND, a person with a disability, encountered the following inaccessible elements of the business which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. By way of example and not as an exhaustive inventory of Defendant's violations, the following barriers to access were personally encountered by MORTLAND:

Park Inn by Radisson

a. *In regards to parking, there are not enough accessible stalls in violation of 2010 ADAS Section: 208.2 and 1991 ADAS Section 4.1.2(5) (a-b).*

b. *In regards to parking ,the cross slope (short dimension) of the access aisle exceeds 2% in violation of 2010 ADAS Section: 502.4 and 1991 ADAS Section 4.6.3.*

c. *In regards to parking, the access aisle is missing at the accessible parking stall in violation of 2010 ADAS Section: 502.2 and 1991 ADAS Section 4.6.3.*

d. *In regards to parking, the parking sign is mounted too low in violation of 2010 ADAS Section: 502.6 and 1991 ADAS 4.6.4.*

e. *In regards to parking, the parking sign/s are missing in violation of 2010 ADAS Section: 502.6 and 1991 ADAS Section 4.6.4.*

f. *In regards to parking, the parking sign is mounted too low in violation of 2010 ADAS Section: 502.6 and 1991 ADAS Section 4.6.4.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 5

g. At the passenger loading zone, the loading has slopes greater than 1:48 (2%) in violation of 2010 ADAS Section: 503.4 and 1991 ADAS Section 4.6.6.

h. At the passenger loading zone, the walkway contains abrupt vertical edges and/or variations over a 1/4 inch in violation of 2010 ADAS Section: 303.3, 303.2 and 1991 ADAS Section 4.3.8.

i. At the accessible route, the walkway contains abrupt vertical edges and/or variations over a 1/4 inch in violation of 2010 ADAS Section: 303.3, 303.2 and 1991 ADAS Section 4.3.8.

j. At the entrance lobby area, the doormat is not secured in place at the entry door in violation of 2010 ADAS Section: 302.2 and 1991 ADAS Section 4.5.3.

k. At the entrance lobby area, The printed information is positioned too high for either a side or front approach in violation of 2010 ADAS Section: 308.1 and 1991 ADAS Section 4.2.5.

l. At the entrance lobby area, the transaction counter is too high in violation of 2010 ADAS Section: 904.4.2, 904.4.1 and 1991 ADAS Section 4.32.4.

m. At the bar, the bar does not have a low seating space in violation of 2010 ADAS Section: 226.1 and 1991 ADAS Section 4.32.4.

n. In the fitness room, the door exceeds the maximum pressure to open the door in violation of 2010 ADAS Section: 404.2.9 and 1991 ADAS Section 4.13.11.

o. In the fitness room, the door opening contains projections into the required door maneuvering clearances in violation of 2010 ADAS Section: 404.2.4 and 1991 ADAS Section 4.13.6.

p. In the fitness room, the telephone is not accessible in violation of 2010 ADAS Section: 217.1 and 1991 ADAS Section 4.2.6.

q. In the fitness room, the public telephone is not on an accessible route of travel and is not accessible by persons with disabilities in violation of 2010 ADAS Section: 206.2.4 and 1991 ADAS Section 4.2.4.1.

r. In the fitness room, the towels are positioned too high for either a side or front approach in violation of 2010 ADAS Section: 308.1 and 1991 ADAS Section 4.2.6.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6

s.  In the fitness room, the hand sanitizer is positioned too high for either a side or front approach in violation of 2010 ADAS Section: 308.1 and 1991 ADAS Section 4.2.6.

t.  In the pool hot tub area, the gate does not provide at least 32 inches between the face of the gate and the opposite stop in violation of 2010 ADAS Section: 404.2.3 and 1991 ADAS Section 4.13.5.

u.  In the pool hot tub area, the operating hardware is not accessible because it requires tight grasping, pinching or twisting of the wrist to operate in violation of 2010 ADAS Section: 309.4 and 1991 ADAS Section 4.13.9.

v.  In the pool hot tub area, the ramp does not have compliant handrails in violation of 2010 ADAS Section: 505.1 and 1991 ADAS Section 4.8.5.

w.  In the pool men's area, a compliant room identification sign is missing on the strike side of the door in violation of 2010 ADAS Section: 216.2 and 1991 ADAS Section 4.30.6.

x.  In the pool men's area, the shower seat is not properly secured/supported to the wall/floor and is not structurally sound in violation of 2010 ADAS Section: 610.4 and 1991 ADAS Section 4.21.3.

y.  In the pool men's area, the short section of the "L" shaped seat must be located closest to the wall nearest the controls in violation of 2010 ADAS Section: 610.3.2 and 1991 ADAS Section 4.21.3.

z.  In the pool men's area, the grab bar is not spaced correctly to the wall or other elements in violation of 2010 ADAS Section: 609.3 and 1991 ADAS Section 4.21.4.

aa. In the pool men's area, the water and drain pipes under the lavatory are not adequately insulated in violation of 2010 ADAS Section: 606.5 and 1991 ADAS Section 4.24.6.

bb. In the pool men's area, the rear grab bar is not a minimum 36 inches in length in violation of 2010 ADAS Section: 604.5.2 and 1991 ADAS Section 4.17.6.

cc. In the pool men's area, the rear grab bar does not extend adequately past the toilet on the wide side in violation of 2010 ADAS Section: 604.5.2 and 1991 ADAS Section 4.17.6.

dd. In the pool men's area, the side grab bar does not extend far enough from the rear wall in violation of 2010 ADAS Section: 604.5.1 and 1991 ADAS Section 4.17.6.

ee. In the pool men's area, the paper towel dispenser's operation mechanism is too high off the floor in violation of 2010 ADAS Section: 308.2.1 and 1991 ADAS Section 4.22.7.

ff. In the pool men's area, the soap dispenser's operation mechanism is too high off the floor in violation of 2010 ADAS Section: 308.2.1 and 1991 ADAS Section 4.22.7.

gg. In the pool women's area, a compliant room identification sign is missing on the strike side of the door in violation of 2010 ADAS Section: 216.2 and 1991 ADAS Section 4.30.6.

hh. In the pool women's area, the water and drain pipes under the lavatory are not adequately insulated in violation of 2010 ADAS Section: 606.5 and 1991 ADAS Section 4.24.6.

ii. In the pool women's area, the side grab bar does not extend far enough from the rear wall in violation of 2010 ADAS Section: 604.5.1 and 1991 ADAS Section 4.17.6.

jj. In the elevator, the elevator car does not self-level in violation of 2010 ADAS Section: 407.4.4 and 1991 ADAS Section 4.10.2.

kk. At the interior accessible route in violation of 2010 ADAS Section: 302.2 and 1991 ADAS Section 4.5.3.

ll. At the interior accessible route, the door opening does not provide at least 32 inches between the face of the door and the opposite stop in violation of 2010 ADAS Section: 404.2.3 and 1991 ADAS Section 4.13.4.

mm. At the interior accessible route, the total number of drinking fountains are not equally divided between those that are accessible to wheelchair users and those that are available to standing persons in violation of 2010 ADAS Section: 211.3 and 1991 ADAS Section 4.15.

nn. In the men's public restroom, a compliant room identification sign is missing on the strike side of the door in violation of 2010 ADAS Section: 216.2 and 1991 ADAS Section 4.30.6.

oo. In the men's public restroom, the water closet compartment door is missing a loop handle in violation of 2010 ADAS Section: 604.8.1.2 and 1991 ADAS Section 4.17.5.

pp. In the men's public restroom, the locking/latching hardware is not accessible in violation of 2010 ADAS Section: 604.8.1.2 and 1991 ADAS Section 4.17.5.

qq. In the men's public restroom, the water and drain pipes under the lavatory are not adequately insulated in violation of 2010 ADAS Section: 606.5 and 1991 ADAS Section 4.24.6.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 8

rr. In the men's public restroom, the soap dispenser's operation mechanism is too high off the floor in violation of 2010 ADAS Section: 308.2.1 and 1991 ADAS Section 4.23.7.

ss. In the men's public restroom, the paper towel dispenser's operation mechanism is too high off the floor in the violation of 2010 ADAS Section: 308.2.1 and 1991 ADAS Section 4.23.7.

tt. In the men's public restroom, The maneuvering space on the pull side of the door does not adequately extend beyond the latch side of the door in violation of 2010 ADAS Section: 404.2.4.1 and 1991 ADAS Section 4.13.6.

uu. In room 114, accessible guest rooms are not dispersed among the various classes of sleeping accommodations in violation of 2010 ADAS Section: 224.5 and 1991 ADAS Section 9.1.4.

vv. In room 114, the maneuvering space on the pull side of the door does not adequately extend beyond the latch side of the door in violation of 2010 ADAS Section: 404.2.4.1 and 1991 ADAS Section 4.13.6.

ww. In room 114, the door operating hardware is too high in violation of 2010 ADAS Section: 404.2.7 and 1991 ADAS Section 4.13.9.

xx. In room 114, the door operating hardware is too high in violation of 2010 ADAS Section: 404.2.7 and 1991 ADAS Section 4.13.9.

yy. In room 114, the water and drain pipes under the lavatory are not adequately insulated in violation of 2010 ADAS Section: 606.5 and 1991 ADAS Section 4.24.6.

zz. In room 114, the side grab bar does not extend far enough from the rear wall in violation of 2010 ADAS Section: 604.5.1 and 1991 ADAS Section 4.17.6.

aaa. In room 114, the toilet paper is not installed within the compliant range in violation of 2010 ADAS Section: 604.7.

bbb. In room 114, the flush handle is located on the wrong side of the toilet in violation of 2010 ADAS Section: 604.6 and 1991 ADAS Section 4.16.5.

ccc. In room 114, the trash is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3 and 1991 ADAS Section 4.2.4.

ddd.   In room 114, the clear floor space only allows for a forward approach and the towel rack is out of reach range in violation of 2010 ADAS Section: 308.2.2 and 1991 ADAS Section 4.2.4.

eee.   In room 114, the bottom grab bar is not located correctly. It is missing completely in violation of 2010 ADAS Section: 607.4.1 and 1991 ADAS Section 4.20.4.

fff.   In room 114, the grab bar is not spaced correctly to the wall or other elements in violation of 2010 ADAS Section: 609.3 and 1991 ADAS Section 4.20.4 and 4.20.5.

ggg.   In room 114, the vertical bar for the adjustable hand held spray is above accessible reach range in violation of 2010 ADAS Section: 607.7 and 1991 ADAS Section 4.20.5.

hhh.   In room 114, the bath tub does not have a permanent in-tub seat at the head end of the tub or a compliant portable seat as required in violation of 2010 ADAS Section: 607.3 and 1991 ADAS Section 4.20.3.

iii.   In room 114, the bath tub seat is not the correct depth in violation of 2010 ADAS Section: 610.2 and 1991 ADAS 4.20.3.

16. The discriminatory violations described in ¶ 15 are not an exclusive list of the Defendant's violations. MORTLAND requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

17. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("title III" and "ADA"), 42. U.S.C. §§ 12181 *et seq.*, either then, now or in the future.

18. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to MORTLAND and other persons with disabilities, MORTLAND

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 10

suffered damages as alleged herein.

19. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, MORTLAND was denied his civil rights to full and equal access to public facilities. MORTLAND suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from physical injury, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

20. MORTLAND is "physically handicapped," "physically disabled," or a "person with physical disabilities" who was denied his rights to equal access to a public facility by Defendant. Defendant maintained a public establishment without access for persons with physical disabilities as stated herein, and continues as of the date of filing this complaint to deny equal access to MORTLAND and other persons with physical disabilities in these and other ways.

21. On information and belief, construction alterations carried out by Defendant have triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

22. MORTLAND, as described herein below, seeks injunctive relief to require the business to be made accessible to meet the requirements of the Americans with Disabilities Act, so long as Defendant operates and/or leases the business as a public facility.

23. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 11

or all of said barriers.

24. Because of Defendant's violations, MORTLAND and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act. MORTLAND seeks an order from this court compelling Defendant to make the business accessible to persons with disabilities.

25. MORTLAND is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the business and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as MORTLAND and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

26. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the business was in violation of the civil rights of persons with physical disabilities, such as MORTLAND, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 12

obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of MORTLAND and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery. Despite being informed of such effect on MORTLAND and other persons with physical disabilities due to the lack of accessible facilities, Defendant knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for MORTLAND and other persons with physical disabilities to the establishment. Said Defendant has continued such practices, in conscious disregard for the rights of MORTLAND and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.

27. MORTLAND will return to the PARK IN BY RADISSON to obtain lodging, if the business made fully accessible to a disabled person in a wheelchair, and to also avail himself of the business' services. Furthermore, MORTLAND intends to return to the business as an ADA tester on an annual basis, beginning in 2020, in order to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

I. **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

28. MORTLAND pleads and incorporate by reference, as if fully set forth again

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 13

herein, the allegations contained in paragraphs 1 through 27 of this complaint.

29. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

30. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

31. As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 14

purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> ***
> (A) an inn, hotel, motel or other place of lodging ***.

42 U.S.C. §12181(7)(A).

32. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

33. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 15

> privilege, advantage, or accommodation being offered or would result in an undue burden;
>
> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and
>
> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of Defendant set forth herein were a violation of MORTLAND's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.*

34. The removal of the barriers complained of by MORTLAND as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the business pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

35. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. MORTLAND alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 16

"readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

36. On information and belief, construction work on, and modifications of, the business occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

*37.* Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, §308, MORTLAND is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. MORTLAND cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

38. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, MORTLAND has not returned to Defendant's premises since on or about July 20, 2018 through July 22, 2018, but on information and belief, alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 17

39. MORTLAND seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. MORTLAND will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiff prays for relief as hereinafter stated.

**PRAYER:**

Wherefore, MORTLAND prays that this court grant relief and damages as follows:

**I.   PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1. For injunctive relief, compelling Defendant to make the business readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2. For attorneys' fees, litigation expenses and costs of suit, if MORTLAND is deemed the prevailing party; and

3. For such other and further relief as the court may deem proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.
Akron, Ohio 44319
Telephone: (330) 253-3337

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 18

Facsimile: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff DEREK MORTLAND